(16 Misc. Rep. 164.)

BLANCK v. SADLIER.

(Supreme Court, Special Term, New York County. February, 1896.)

VENDOR AND PURCHASER—DEFECTIVE TITLE—MORTGAGE PAYABLE IN GOLD.

    A purchaser cannot refuse to perform his contract merely because the premises sold were subject to a mortgage payable in gold, while the terms of sale stated that the property was subject to a mortgage for a certain sum, but did not specify the money in which it was payable.

Action by Louis Blanck against Frank X. Sadlier, as receiver. There was a verdict in favor of plaintiff, and defendant moves for a new trial. Denied.

Spink & Martin, for the motion.
Johnson & Lamb, opposed.

GILDERSLEEVE, J.   The action is brought to recover the deposit of 10 per cent. of the purchase money and the auctioneer's fees paid by plaintiff at an auction sale of real estate, as well as the expenses of the examination of title.   The terms of sale, prepared on behalf of defendant, state that the property is sold subject to a mortgage of $16,000, at 5 per cent. interest.   The plaintiff agreed to the terms of sale, paid his 10 per cent. deposit, and directed his attorney to examine the title.   After the contract was signed, but before the time for the closing of the title, and before the examination of the title had been completed, the plaintiff's attorney discovered the fact that the mortgage was payable in gold.   On defendant's refusal to have the mortgage changed from a "gold" one to a "lawful-money" one, the plaintiff rejected the title, and refused to carry out the contract; and on the defendant's declining to return the 10 per cent. deposit, or to pay the expenses of the auction and the searching of title, plaintiff brings this action.   It would seem that the plaintiff, if he objected to a gold clause in the mortgage, should have made inquiries as to the existence of such clause before he signed the contract; for there is no evidence in the case tending to show that a gold clause is such an unusual occurrence as to permit plaintiff to assume, in the absence of information to the contrary, that it was a "lawful-money" mortgage, rather than a "gold" one.   Nor was any proof offered at the trial that would support a finding that the plaintiff, in taking the property subject to the gold clause in the mortgage, would be injured to any extent whatever.   I think the case turns upon this point, and, for the reason that the plaintiff is unable to show any injury, it follows that he was not justified in rejecting the title, and therefore he should not recover in this action.   It does not appear from the testimony that there is any certainty that the consequence of the gold provision in the mortgage would be injurious to the plaintiff.   True, it may be said that there is a possibility that, in providing the gold for the purpose of discharging the mortgage, the plaintiff might sustain some damage; but such a result is too conjectural and uncertain, and cannot be said to be established by the evidence as a matter of fact. While the question is not entirely free from doubt, it is my opinion that the disposition made at the trial should stand, and the motion for a new trial be denied.

Motion denied.